SHADE *v.* DIAMOND L. SERVICE STATION *et al.*\*

(Division B.    Oct. 17, 1927.)

[114 So. 260.    No. 26579.]

1. APPEAL AND ERROR. *Every material fact deducible from evidence must be taken as true in favor of party against whom verdict was directed.*

   In determining the propriety of a directed verdict, every material fact, which the evidence either proved or tends to prove, must be taken as true in favor of party against whom verdict was directed.

2. SALES. *Buyer, by bringing replevin for automobile, repudiated right to rescind contract of purchase.*

   Buyer of automobile, by bringing replevin suit for car, repudiated whatever right he had to rescind contract under which the car was purchased.

3. SALES. *Buyer of automobile cannot replevin it from seller without showing damage from seller's breach amounted to payment returned on demand.*

Where seller of automobile failed to deliver a new car in good running order, in that certain parts of car were missing, buyer, who refused to accept car from agent to whom delivery was made and demanded return of payment, *held* not entitled to. possession of automobile in subsequent action of replevin, in absence of evidence showing that damage suffered amounted to sum of payment returned.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 765, n. 85, 86, 88, 91, 93; Motor Vehicles, 42CJ, p. 772, n. 45; p. 773, n. 46; Sales, 35Cyc, p. 712, n. 75, 79; On motion for directed verdict inferences most favorable to party against whom motion made must be drawn, see 26 R. C. L. 1068; 5 R. C. L. Supp. 1438; 6 R. C. L. Supp. 1581; As to election between action on contract for goods sold and action in replevin, see 9 R. C. L. 970; 2 R. C. L. Supp. 912.

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Action of replevin by G. G. Shade against the Diamond L. Service Station and the Armstrong Chevrolet Company. Judgment for defendant last named, and plaintiff appeals. Affirmed.

*McFarland & Holmes,* for appellant.

This being a replevin suit, the only question for the court to determine in this case is, who was entitled to the possession of this Chevrolet automobile? It is true that the automobile was not delivered on March the sixth, the date on which the note and conditional sale contract says that it was delivered; but the automobile was delivered to appellant by Lee Mitchell, appellee's agent, appellee having left Aberdeen, when the sixty-one dollars and sixty-six cents was paid to Mitchell. We cite below numerous decisions of the supreme court of this state on the question of what constitutes a sale, and these cases define the rights of the seller and the buyer. *Smith* v. *Nevitt,* W. 370, 12 Am. Dec. 571; 3 Miss. Di-

gest, "Sales," page 703, section 155; *Planters Oil Mill, etc., Co.* v. *Falls,* 29 So. 786; *McNairy* v. *Gathings,* 52 Miss. 592, 3 Miss. Digest, page 704, section 171; *Stamps* v. *Bush,* 7 Howard 255, 3 Miss. Digest, pages 705-6. See, also, *Tufts* v. *Stone,* 70 Miss. 54, 11 So. 792; *Ross-Mehan Brake Shoe Foundry Co.* v. *Pascagoula Ice Co.,* 72 Miss. 608, 18 So. 364; *McKean* v. *Matthews Apparatus Co.,* 74 Miss. 119.

We submit that had the appellant not declined to accept delivery of the automobile after the apparent breach of warranty by appellee, appellee having delivered to appellant a new Chevrolet automobile with certain parts missing that made it impossible for appellant to move the automobile or to run it, and which parts the testimony shows appellant made every possible effort to procure, the sale of the automobile in question would have been complete and title would have passed into appellant, and that appellant could have offered to return the automobile as soon as he discovered the breach of warranty; and had appellee refused to receive it, appellant could have given appellee notice of his intention to dispose of the property in good faith for the account of the vendor, or appellant could have kept the automobile as appellee's agent, pending litigation thereto. See *Hambrick* v. *Wilkins,* 65 Miss. 18, 3 So. 67, 7 Am. St. 635; and also 24 R. C. L., section 650, page 651, citing under note 20, the above case and 8 Ann. Cas. 544 and 5 L. R. A. (N. S.) 1048. See also 4 L. R. A. (N. S.) page 1167.

The buyer in this case never, at any time, undertook to rescind the sale of this automobile, but the proof shows beyond any doubt that from the date the automobile was delivered to him up to the time bond was given by the appellee to the sheriff, appellant was taking mechanics to the place where the car was stored, to examine the car, and was trying all the time to have the Chevrolet Motor Company and Lee Mitchell order the necessary parts for this automobile in order that they might be placed on it and in order that he might drive it out of storage and

use it as he had contemplated so to do when he bought and paid for it. The mere taking back of the sixty-one dollars and sixty-six cents was not a rescission of the contract, but was done for protecting appellant against whatever damages might be due him for appellee for the breach of warranty by appellee in failing to deliver to appellant a car that would run, and to take care of the expense incident to procuring the necessary parts to replace those parts that were missing when the car was delivered to appellant.

Under the facts in this case, which facts are undisputed, the court erred in excluding the testimony of appellant's witnesses and in granting a peremptory instruction for the appellee. This case should be reversed and remanded.

*Kimmons & Boswell,* for appellee.

When a plaintiff brings a replevin suit, the burden of proof is on him to show his right to the possession of the property he seeks to recover. The statement of facts by the attorneys for appellant fails to show such a condition as would justify a judgment in his favor.

By the terms of the contract a failure to make the payments as provided, authorized the holder of the notes to repossess the machine, and for that reason it matters not whether the car had been delivered to appellant or not. Armstrong had the right to take the car into his possession and the appellant when he sued out his writ of possession solemnly swore that it was in Armstrong's possession and he cannot now be heard to say that it was not true.

Counsel for appellant have a great deal to say about rescission, and cite quite a large number of authorities covering the various phases of the doctrine of rescission, but at the same time say there was no rescission in this case. Certainly, there was no effort to rescind. On the contrary, there seems to be a determined effort on the

part of Mr. Shade to hold the car in question whether it was paid for or not, or whether his contract was complied with or not. He took back the initial cash payment, refused to pay his notes as they became due, and did not complain to Mr. Armstrong that the machine was not perfect.

Not having rescinded his contract, he must pay the purchase money for it; and if he was damaged, he has his remedy. He could have bought such parts as should have been on the machine and had them charged to the appellee, or paid for them himself and taken credit on what he owed on the car. By his own testimony this amounted to six dollars. *Alig* v. *Lackey,* 114 Miss. 392.

Certainly, appellant must pay the purchase money agreed to be paid before he is entitled to the possession of the car under the terms of his contract. If this was not paid, appellee had a right to the possession of the machine, and until paid in full the title rested in appellee.

Anderson, J., delivered the opinion of the court.

Appellant, G. G. Shade, brought an action of replevin in the circuit court of Monroe county against Diamond L. Service Station and the Armstrong Chevrolet Company, for the recovery of a new Chevrolet touring car. At the conclusion of the evidence, the court directed a verdict and judgment for the appellee, the Armstrong Chevrolet Company. From that judgment, the appellant prosecutes this appeal.

The Diamond L. Service Station was sued with the appellee, Armstrong Chevrolet Company, but appears to have no real interest in the controversy. The Armstrong Chevrolet Company will therefore be referred to in this opinion as the "appellee."

In determining the propriety of a directed verdict, every material fact which the evidence either proves or tends to prove must be taken as true in favor of the party

against whom the verdict was directed. So viewing the evidence, the appellant made the following case:

He bought a new Chevrolet touring car from the appellee, for which he agreed to pay six hundred eighty-seven dollars and ninety-two cents as follows: Appellee accepted appellant's used Ford touring car at one hundred fifty dollars. The Chevrolet touring car was not to be delivered to the appellant until some time after the contract of purchase was made. At the time of delivery, the appellant agreed to pay cash sixty-one dollars and sixty-six cents, and the balance of the purchase price was to be divided into monthly installments of thirty-nine dollars and sixty-nine cents each. The understanding was that the new Chevrolet touring car was to be left by the appellee in the custody of the Diamond L. Service Station for delivery to the appellant on payment of the sixty-one dollars and sixty-six cents to the Diamond L. Service Station for the appellee. The agreement was embodied in a written contract between the appellant and the appellee, which contract provided, among other things, that the title to the new Chevrolet car should remain in appellee until paid for, and that, if the appellant failed to make any of the payments, the appellee should have the right, without notice, and without legal process, to take charge of the car as security for the unpaid purchase money.

In accordance with the agreement, the appellee turned over to the Diamond L. Service Station the new Chevrolet touring car for delivery to the appellant, upon payment, by the latter, of the cash installment of sixty-one dollars and sixty-six cents. Thereupon the appellant paid to the Diamond L. Service Station the sixty-one dollars and sixty-six cents, and undertook to drive the car away from the business place of the Diamond L. Service Station, and found it would not run because some of its parts were lacking. The appellant made an effort to get the appellee to replace these missing parts, but failed to do so; whereupon the appellant demanded

of the Diamond L. Service Station a return of the cash installment of sixty-one dollars and sixty-six cents, which demand was complied with by said Diamond L. Service Station. The appellant left the car where he found it—in possession of the Diamond L. Service Station. Thereafter, the appellee, claiming the right, under its contract with the appellant, to enforce payment of the cash installment of sixty-one dollars and sixty-six cents, took possession of the car. The appellant then brought this action of replevin to recover the car from the appellee.

The evidence showed that the missing parts of the car could have been bought new for six dollars; that the car with the missing parts replaced was worth six hundred eleven dollars, and without the missing parts six hundred five dollars. The appellant's evidence tended to show that he refused to pay the cash installment because he thought he had the right to retain it as an offset to the damage done him by the appellee's breach of the contract in failing to deliver to him a new Chevrolet car in good running order. But neither before the action of replevin was brought by the appellant, nor afterwards, did the appellant claim that he was damaged in the sum of sixty-one dollars and sixty-six cents as a result of the breach of contract by the appellee. On the contrary, as stated, the evidence tended to show that the only damages suffered by the appellant was the amount necessary to purchase the missing parts of the car, to-wit, the sum of six dollars.

Appellee breached its contract in failing to deliver to the appellant a new Chevrolet car, in good running order; but did it follow therefrom that the appellant was entitled to possession of the car from the appellee under the undisputed facts of the case? We think not. By bringing of the replevin suit for the car, the appellant repudiated whatever right he had to rescind the contract under which the car was purchased. He therefore stood upon the contract, and sought to recover possession of the car thereunder. According to the provisions of the

contract, he was not entitled to possession of the car until the cash payment of sixty-one dollars and sixty-six cents had been made. On account of appellee's breach of the contract, the appellant had the right to deduct from this cash payment of sixty-one dollars and sixty-six cents whatever damages he suffered on account of appellee's breach of the contract in failing to deliver him a car in good running order. Before bringing the replevin suit, the appellant was required to tender to the appellee the amount of the cash payment less the damages. This the appellant failed to do. On the other hand, if the appellee had been forced to bring replevin against the appellant for the possession of the car in order to enforce payment of the sixty-one dollars and sixty-six cents, the appellee would not have been entitled to recover without deducting from the sixty-one dollars and sixty-six cents whatever damages the appellant suffered on account of the breach of the contract by appellee in failing to furnish the appellant a car in good running order.

There was no substantial evidence tending to prove that the appellant was damaged in the sum of sixty-one dollars and sixty-six cents as the result of the contract by the appellee. We are therefore of the opinion that the court was justified in directing a verdict for the appellee.

*Affirmed.*